# 462

WARNER BROS. PICTURES DISTRIB-
UTING CORPORATION, a cor-
poration, Plaintiff,

v.

George O. MONROE and George F.
Monroe, Defendants.

UNIVERSAL FILM EXCHANGES, Inc.,
a corporation, Plaintiff,

v.

George O. MONROE and George F.
Monroe, Defendants.

COLUMBIA PICTURES CORPORATION,
a corporation, Plaintiff,

v.

George O. MONROE and George F.
Monroe, Defendants.

Civ. Nos. 516, 517, 518.

United States District Court
D. Nebraska, Grand Island Division.

Oct. 12, 1954.

Kenneth E. Anderson, Roger V. Dick-eson (Beghtol, Mason & Anderson), Lincoln, Neb., for plaintiffs.

Eugene N. Blazer, Omaha, Neb., Harold A. Prince, Grand Island, Neb., for defendants.

DELEHANT, District Judge.

These cases are essentially similar both in their primary objectives and in the issues which they presently tender to the court. In each of them a distributor of motion pictures sues the defendants, who as exhibitors operate a single theatre at Kearney, Nebraska known as Fort Theatre. The parties disagree upon the manner of that operation, each plaintiff alleging that George O. Monroe is sole owner of the theatre and George F. Monroe his employe-manager, and the defendants claiming to be partners in the business. Each plaintiff asserts that since January 1, 1948, as well as theretofore, it has leased films to the defendant George O. Monroe for exhibition at the Fort Theatre upon rental bases varying from film to film, but classifiable either as flat rentals, that is, an agreed and exact sum for an individual film, or as percentage rentals, that is, an agreed portion of the receipts from the exhibition of an individual film sometimes with, and sometimes without, the guaranty of a minimum return.

Each plaintiff also alleges that, in pursuance of a scheme or conspiracy between the defendants to defraud the plaintiff erected before January 1, 1948 and continuing in operation up to the present date, the defendants have furnished the plaintiff statements in writing of the gross admission receipts of Fort Theatre from the exhibition of pictures distributed by the plaintiff which falsely and greatly minimized and understated those receipts; and that those false statements were made to, and did, induce the plaintiff, to its great damage,

"to request and to accept as payment for license fees upon said pictures, sums substantially less than were actually due under the terms of payment previously specified." In No. 518 it is also asserted as an element of ensuing damage, "that plaintiff was induced subsequently to grant licenses for exhibition at said theatre of its flat rental pictures, and defendants thereby obtained such licenses, at terms of license fee payments substantially lower than those for which plaintiff would have granted said licenses, had the gross receipts for prior pictures been truthfully and actually reported". Thus, in all three cases the resulting injury includes alleged undercharges, based on falsified statements of receipts, by way of percentage rentals; and in No. 518 it also includes the al-

leged undercharges last described by way of quotation. Professing not to know the extent of its damages, each plaintiff prays: "that the loss and damage to plaintiff by the conduct of the defendants as hereinbefore set forth be ascertained and awarded to plaintiff, and that judgment be entered therefor against the defendants" and for general equitable relief.

What is now before the court in each case is a motion by the plaintiff under Rule 34, 28 U.S.C.A., for the production of records by the defendants. Each such motion is resisted by the defendants. The objectives of the motions may be understood only from the reading of them in full. And a copy of the motion in No. 518 is set out in a footnote.[1] The mo-

1. "Comes now the plaintiff herein, Columbia Pictures Corporation, and moves the Court for an order pursuant to Rule 34, as follows:

1. Directing the above-named defendants forthwith to produce and permit the attorneys for the plaintiff, or the agents of said attorneys, to inspect and copy or photograph all of the following books, accounts and records (or any portion of them or copies of them) in the possession, custody or control of the defendants pertaining fully or in part to each and every day of operation of defendants' theatre, known as the Fort Theatre in Kearney, Nebraska, for the period from January 1, 1948, to the date of commencement of this action, together with any other documents, papers, books, accounts and records by whatever designation known that fulfill similar functions, pertaining to such operations, all of which records and documents constitute and contain evidence relating to matters involved in plaintiff's petition and which are not privileged, including, but not limited to, daily box office statements (tally sheets); cash book, day book, journal and ledger; bank account records, including pass books, bank statements and receipted duplicates, or copies of deposit slips; record of tickets, including invoices of ticket purchases, record of purchase, inventory and disposition of tickets, all tickets and ticket stubs and passes issued and unissued in all price classes, all statements of destruction of unused or obsolescent tickets; booking book or record; copies

of federal income and admission tax returns, and accompanying schedules and work sheets; manager's weekly or other periodic reports, and all other records of such operation pertaining to theatre income.

2. Directing the above-named defendants to produce and permit the attorneys for said plaintiff, or the agents of said attorneys, to inspect and copy or photograph the following records, in addition to the records described in paragraph 1 immediately preceding: invoices, receipted bills, check registers and canceled checks, contracts (and all letters, telegrams or other written communications, and all memoranda of oral communications relating to the negotiation of such contracts or the modification of any such contracts) balance sheets and profit and loss statements; copies of all tax returns, including, but not limited to, federal income and excess profits tax returns, and related documents, memoranda and supporting data.

3. Further directing that said plaintiff, its attorneys or agents, shall be permitted to remove any of the aforesaid documents, papers, books, accounts and records (or any portion of them or copy of any of them) for the purpose of photographing or otherwise reproducing such records, providing that at all times such documents are removed the defendants' counsel shall have the right to accompany such records until return.

4. Further directing the defendants, in the event the defendants do not have in

tions in Nos. 516 and 517 are essentially identical with it. The defendants' grounds of objection include several factual assertions touching the dealings between the parties upon which it seems unnecessary to reach any present determination. They also include a charge that the demands of the plaintiffs are indefensibly general, inclusive, and oppressive of the defendants. The argument upon that charge is not without substantial force, although it may not be allowed wholly to shield the defendants against discovery procedure under Rule 34.

Recognizing the plaintiffs' right to appropriately limited disclosures by the defendants under the cited rule, the court, nevertheless, considers that an order for it ought not yet to be granted. It will not, now or hereafter, be allowed to the extent that it is demanded by the plaintiffs but will be substantially narrowed with a view to the provision for each plaintiff of the available information requisite for the establishment of such claim as it may actually have, and, for the rest, the preservation of the defendants' business from the gratuitous and costly snooping of unfriendly eyes.

From its own complaint, it appears that each plaintiff's claim rests upon written statements to it made or caused to be made by the defendants. If the plaintiff in each case has preserved its records with a measure of prudence and thoroughness approaching that which its motion attributes to the defendants it has those statements. It will, moreover, necessarily produce them upon the trial of its action, and probably theretofore. It is the falsity or integrity of those very statements, or at least some of them, which will support or defeat the plaintiff's claim, and whose determination must be the purpose of the discovery which is sought.

Very well, let each plaintiff first disclose all of the statements upon which it will rely in support of its allegations of fraud and deceit, and whose purposeful falsity it seeks evidence to establish. This done, the court can and will allow the examination of the defendants' relevant records and files and make adequate provision for both the selection by the plaintiffs of evidentiary material and the defendants' security for their records and their relative economy. The several plaintiffs will be required to identify and disclose every statement in their possession to which they may resort in support of their respective claims; and the discovery and the evidence will be limited by that identification.

Beyond the order just suggested and entered concurrently herewith in each case, no ruling is now made or given

their possession copies of said tax returns, receipted duplicates or copies of bank deposit slips, bank statements, or any other documents, originals or copies of which are now in the hands of third parties, for any portion of the period covered by said order, to request and procure, or at the request of the attorneys for said plaintiff to authorize such attorneys to request and procure from the respective governmental agencies, banks, or third parties concerned, copies of all such records not in the possession of the defendants, and to submit for inspection, copying or photographing as aforesaid, all such records not in the possession of the defendants, upon condition, however, that the necessary expense, if any, of procuring copies of such records be paid by said plaintiff.

5. Further directing the defendants forthwith to produce and permit the attorneys for said plaintiff, or the agents of said attorneys, to inspect, record and make inventory of and to photograph or otherwise reproduce as aforesaid, all used and unused tickets in all admission classifications, including free and reduced-rate admissions to the said theatre, on hand in the possession, custody or control of the defendants.

Said documents listed above are believed to be in the possession, custody or control of the defendants and constitute or contain evidence relevant and necessary to the issues raised by plaintiff's complaint, and are not privileged."

upon the motions and objections; but promptly after the plaintiffs' compliance with the present orders, further and definite orders for the production by the defendants of documents and papers will be made and given.

This memorandum will be filed in No. 516 only, but is equally applicable to Nos. 517 and 518; and in each of Nos. 517 and 518 the clerk will make an appropriate notation directing attention to this memorandum.