WARNER BROS. PICTURE DISTRIB-
UTING CORPORATION,
Plaintiff,

v.

George O. MONROE and George F.
Monroe, Defendants.

UNIVERSAL FILM EXCHANGES,
Inc., Plaintiff,

v.

George O. MONROE and George F.
Monroe, Defendants.

COLUMBIA PICTURES CORPORA-
TION, Plaintiff,

v.

George O. MONROE and George F.
Monroe, Defendants.

Civ. A. Nos. 516, 517, 518.

United States District Court
D. Nebraska, Grand Island Division.

April 11, 1955.

Kenneth E. Anderson and Roger V. Dickeson, Lincoln, Neb. (Beghtol, Mason & Anderson, Lincoln, Neb.), for plaintiffs.

Eugene N. Blazer, Omaha, Neb., and Harold A. Prince, Grand Island, Neb., for defendants.

DELEHANT, District Judge.

Notice has been taken, in a memorandum entered in these actions on October 12, 1954, D.C., 16 F.R.D. 462, of their general nature. On that occasion the court, pending the service and filing by each plaintiff of a disclosure of the defendants' statements to it alleged to be false, deferred ruling on a separate motion in each case under Rule 34, Fed. Rules Civ.Proc. 28 U.S.C.A. for the production and examination, etc., of records. Without repetition, reference is again made, for an understanding of the reach of the motions, to footnote 1 attached to that memorandum. It may be understood that in each case paragraph numbered 2 of the motion there copied has since been withdrawn.

After the entry of the order announced in the earlier memorandum, each plaintiff served and filed an amended complaint seeking like relief as in its original complaint, but alleging a continuing partnership in the operation of Fort Theater between the defendants, asserting its discovery of the defendants' alleged fraud at a designated date differing as to each plaintiff after its inception, and making other presently insignificant changes. The defendants have

answered and tendered a counterclaim in each case.

Each amended complaint includes an exhibit which, in behalf of the plaintiff tendering it, discloses the title and defendants' exhibition date or dates of each picture in respect of whose receipts understatement is charged, and the receipts reported, rate or rates of rental percentage or percentages and rental actually paid for the designated picture. The adequacy, for purposes of identification, of those exhibits is not expressly challenged and appears to be invulnerable to attack. Each plaintiff discloses a reasonably consistent practice of servicing the defendants with films, though, in the case of each, with substantial intervals when no pictures were so rented. And, considered together, the three exhibits show that on substantially more than one-half of the exhibiting days during the period really in controversy the defendants were showing pictures to them rented by one or more of the plaintiffs.

The plaintiff in No. 516 alleges its renting of pictures for exhibition by the defendants as early as January 10, 1948 and as late as September 8, 1954. Exhibitions of films provided by the plaintiff in No. 517 is said to have commenced January 4, 1948 and ended May 27, 1954. Films furnished by the plaintiff in No. 518 are said to have been exhibited first on January 25, 1948 and as late as September 11, 1954. Those final dates are to be understood as indicating only the last dates in respect of which claim is made.

■ It may be observed that in ostensible argument and briefing upon these motions counsel have presented showings and contentions that have only the most tenuous relation, or none at all, to a motion under Rule 34. The court is not now considering a motion to dismiss for want of a controversy involving the jurisdictional sum. None has been made, or, under any showing yet indicated, would appear to be warranted. In that behalf all that is required is that the plaintiff in evident good faith seek to obtain a judgment in the statutory amount or more and have colorable warrant therefor. Much less is the court now trying the case on its merits, although a reading of the briefs might support the contrary inference. And the court is not, at least not yet, concerned with the dirty linen of the motion picture industry which has a familiar way of intruding into most litigation between various members of it. The motions have, indeed, been argued, but also much more.

The court has concluded to, and will, order and adjudge that paragraph 2 of each of the motions be taken and considered to be withdrawn by the moving plaintiff; and that each motion be granted and sustained, on the conditions and with the limitations herein set out, as to its paragraphs numbered 1, 4 and 5. The conditions and limitations upon the allowance of the motions follow:

Copying, Photographing or Otherwise Reproducing. It will be observed that these motions are not now being allowed in respect of their paragraphs numbered 3 which have to do with and seek to facilitate photographing and copying of the records examined. Neither is it being, nor will it be, denied. But for the present no copying beyond the taking of informative notes, or photographing or other reproduction is allowed of any of the records produced. Each order will provide that, upon and after the examination in behalf of the plaintiff of the records of the defendants, further application shall be presented to the court for an order allowing the copying, photographing or other reproduction, as the case may be, of such exactly and specifically identified records as the plaintiff shall then desire to copy, photograph or otherwise reproduce, and that such copying, photographing or other reproduction shall be proceeded with only if and after the court shall have so ordered, and in harmony with such order.

Admittedly this further step will entail considerable effort and detail. But in disclosures of the volume now ordered both are justified. And it will provide seasonably both for counsel and the court a firm record of the things actually copied or reproduced. It is believed, too, that the processing of reproduction in a single phase of the discovery, rather than intermittently during it, should result in economy of time, and perhaps of money.

If, before or during the discovery, counsel shall find it possible to accomplish copying, photographing or other reproduction in a manner more acceptable to all of them than through the program just indicated, and with the making and preservation of an accurate list of all records thus processed, they may stipulate accordingly in writing with fair assurance that the court will allow their stipulation. The prescriptions suggested here are designed only to avoid confusion and controversy and to assure certainty respecting what is actually copied or reproduced.

Time And Place For Presentation And Examination. The order in each case will prescribe a time and place for the presentation and examination of the records. In default of helpful suggestions of the parties upon these points the court hesitates to announce an arbitrary order concerning them. This is suggested. Before the orders are prepared let counsel confer in an effort to agree upon a time and place, and, if possible, a working time schedule for the examination. If they can agree, the court will gladly carry their agreement into the order. If they can not agree, then they may so advise the court and offer their respective suggestions upon the subjects and the court will enter an order settling them. Generally, it may be understood that in this feature the reasonable suggestions in behalf of the defendants will be accorded substantial consideration. Its business and operations are involved and the court will be disposed to disorganize

them no more than shall be reasonably necessary for the purpose of this discovery.

Identification Of Items Produced. The court desires not to be arbitrary upon this subject. But it does presume to suggest that unless a common memorandum is somehow made and kept of each record, document, paper or thing produced it may be prudent for the parties to provide a label or stamp for fixation or impression upon each such record, document, paper or thing, to the end that, after the discovery, there may be no doubt or controversy about its presentation and examination. With such a label or stamp every item would show whether it had actually been presented.

Custody. Each order will provide that, subject to any specific order which may hereafter be made by the court respecting individual items, all records, documents, papers or things produced will remain throughout the examination and at its close be replaced, in the custody of the defendants.

Participating Personnel. The order in each case will allow the defendants, or either of them, to be present at any time during the examination of the material produced. They may also be represented by not more than two attorneys of this bar now members or active associates of the offices of Mr. Blazer and Mr. Prince, or either of them, who may have the clerical assistance of not more than two secretaries now actively employed in one or both of those offices. The examination in behalf of the plaintiffs will be made by not more than two of the attorneys of this bar who now are members or active associates of the firm of Beghtol, Mason & Anderson, who may have the clerical assistance of not more than two secretaries now actively employed in that office. In the order itself the names of all of the persons from whom such representation must come will be correctly set out. And the order will provide that, unless the court by written order shall hereafter expressly

direct otherwise, no other person shall participate in or be present at such examination or any part thereof, and that any violation of this provision by or in behalf of the plaintiffs, or one or more of them, shall terminate the right thereafter of the plaintiffs, or any of them, to complete or proceed further with the examination.

It is now announced that the court will not be liberal in the granting of any supplemental order within the thought of the last preceding sentence. No such order will be made unless its necessity is shown to be obvious and imperative, or in any event without notice to opposing counsel.

Concurrent Inspection And Examination. While the cases are separate, they have proceeded together thus far. The inspection and examination of material now allowed shall be a single operation. Each plaintiff may derive from it all the benefit that may accrue to it, but may not have a separate inspection and examination. There will be just one such operation, and the orders will all so provide with appropriate identification in each one of the other two cases.

A few explanatory observations seem finally to be in order.

The ruling announced allows discovery in respect of virtually all of the material aimed at in the motions. To the extent that the records therein identified were maintained and have been preserved, they will have probable relevance to the claims made against the defendants. If any of the items either were not maintained or, if maintained, have been wholly or partially destroyed or lost, the defendants may so declare in writing with adequate particularity. Of course, any identified material which they do not make available by way of discovery will be unavailable to them in the way of evidence upon the trials.

Discovery is allowed to cover the entire period for which it was demanded in the motions. The initial date of that period opens the year and month in which the first challenged pictures were exhibited. And its termination is not much later than the exhibition period of the last of those pictures. The court is aware that within the period are several intervals of greater or shorter duration during which none of the pictures were shown; but it has seemed impracticable to carve those intervals out of the overall period. One may not with assurance say precisely how long after the commission of a deceptive act its vestiges may be discerned in the business records of its perpetrator's operations. The surer course is to cover the entire period.

■ Much interest is acknowledged in the arguments of counsel upon the statute of limitations of Nebraska and its impact upon the plaintiffs' claims. Naturally, no decision upon that question is either announced or intimated. For, whatever the final ruling on the consequence of the statute on the claims, it may not be allowed to intercept the discovery allowed during the earlier phases of the alleged understatements. Though recovery may eventually be denied for a part of the period, the disclosure of a practice of understating in respect of exhibition receipts during such part is not irrelevant to the issues concerning demands for portions of the period clearly unaffected by the issue of limitations.

Suggestion has been made that the plaintiffs would not object to the inclusion, in the orders for discovery, of provisions sharply restricting the extent to which counsel for the plaintiffs may disclose the results of their investigation except to the plaintiff in direct connection with whose case such results were discovered. And a paragraph having that objective in an order said actually to have been entered in one of the cases cited in the briefs has been advanced as an acceptable form. The subject has been considered at some length. But

the court has concluded not to make any provision respecting it. The problem is primarily one of professional ethics. The court will assume that it need not order what a lawyer's simple duty requires. And, in no spirit of cynicism, it has to be recognized that if, as is thought unlikely, the court has overestimated the fidelity of counsel to the traditions of the profession, it is possessed of inadequate resources for the policing of any repressive order it might make. Any possible violations would, doubtless, occur at places remote from Nebraska and in circumstances almost certainly balking proof and hobbling disciplinary retaliation.

After any necessary contact between opposing counsel, but without avoidable delay, counsel for the plaintiff will prepare in each case an order fairly reflecting the ruling now announced, and submit it to opposing counsel for approval, objection or suggested revision, and on approval to the judge for signature and entry; or in the event of objection or suggested revision, upon notice in writing, to the judge for settlement and entry.

The attention of counsel is directed to the pendency in each case of a motion aimed by the plaintiff therein at the statement of a counterclaim made by the defendants. That motion is entitled to very early determination. It is suggested, therefore, that when, as presumably they will, counsel for the opposing parties next appear before the court or the undersigned judge thereof, they be prepared to submit those motions. Ruling will promptly be made upon them.

This memorandum shall be effective equally in all three of the cases. It will be formally filed only in No. 516, but in No. 517 and also in No. 518 the clerk will make a notation in the files as of the date of the filing of this memorandum, calling attention to its presence in No. 516 and to its applicability to each case in which such notation is made.